HAWKINS, Presiding Justice,
for the Court:
Employers Insurance of Wausau, a Wisconsin-based insurance corporation (Wau-sau), and Houston General Insurance Company, a Texas-based insurance corporation (Houston), appeal from a summary judgment dismissal of their complaint against the Mississippi State Highway Commission (Commission) in which as assignees of injured parties they sued the Commission for breach of its implied warranty that Com *1000 mission’s plans and specifications to a contractor for resurfacing would provide a reasonably safe highway. The circuit judge found there was no contractual liability for such injury. We find that the Commission, as an agency of the sovereign state, is immune from such liability and affirm.
PACTS
The Commission on December 8, 1982, contracted with Cook Construction Company (Cook) to resurface a portion of Interstate 55 from Glukstadt to Highway 22 in Madison County. The contract required Cook to apply a pavement mixture designed and manufactured in accordance with plans and specifications provided by the Commission.
Cook followed the plans and specifications of the Commission in manufacturing the pavement mixture, but the mixture was defective, resulting in an unreasonably slick highway. Due to this condition, three different automobiles on three different occasions had accidents causing severe injuries to three individuals.'
On June 11, 1985, Cook filed a suit against the Commission in the chancery court of the First Judicial District of Hinds County for defective plans and specifications furnished it by the Commission. This action was later settled.
Kenneth Sebren was injured on July 13, and thereafter Ivory Chambers was injured August 10, and Alvin Russell Clark injured September 16, 1983, all from automobile accidents on the portion of the highway which had been resurfaced. Each of them either filed a suit against Cook, or made demand on Cook for personal injury damages. Cook’s liability insurance carriers reached compromise settlements with these individuals and their wives, and were assigned their respective claims against the Commission.
On April 3, 1986, Kenneth R. Sebren and his wife Harriet in consideration of $55,000 to himself, $75,000 to Harriet, and $20,000 to Lumberman's Underwriting Alliance to reimburse that company for worker’s compensation benefits, all paid by Wausau and Houston, executed a complete release of Cook and its carriers, and assigned all rights they had against the Commission to Wausau and Houston. On March 26, 1986, Alvin Russell Clark and his wife executed the same type of document for $20,000. Also, on March 27, 1986, Ivory Chambers and his wife Louella for $188,904.37 being paid to him, and $11,095.63 being paid to New Hampshire Insurance Company as reimbursement for worker’s compensation benefits, executed the same type of document to Wausau and Houston.
Wausau and Houston filed a complaint against the Commission in the circuit court of the First Judicial District of Hinds County. The complaint charged that Cook was contractually obligated to apply a mixture for resurfacing designed and manufactured in accordance with the plans and specifications provided Cook by the Commission. The complaint further alleged that there was as a matter of law an implied warranty by the Commission that if Cook followed this recipe a reasonably safe, suitable road surface would result. Cook complied, followed the Commission’s recipe, which resulted in a hazardous, dangerous surface. The complaint further alleged that Sebren, Clark and Chambers suffered severe personal injuries as a result of this slick, defective highway, and finally that as assignees of these individuals the plaintiffs were entitled to $600,000 damages for injuries to Chambers, $450,000 damages for injuries to Sebren, and $60,000 damages for injuries to Clark.
On December 2, 1987, the Commission filed a motion for summary judgment and dismissal of the action. The motion first alleged that plaintiffs sought damages as indemnees of Cook, but there was no showing that Cook had paid any sum as a result of the negligence of the Commission. Secondly, the motion raised the defense of sovereign immunity. ■
The plaintiffs responded that their claim was not one for indemnity but on behalf of persons protected under the implied warranty of the Commission to furnish plans and specifications providing for a reasonably safe surface on the highway.
*1001 The circuit judge sustained the motion by order dated December 20, 1988, which provided in pertinent part:
The precise issue of sovereign immunity put by this case, where implied warranties expose state agencies to what would otherwise be tort liability, is one of first impression in this state. That issue need not be reached, however, because this court concludes that this action is barred by the terms of the contract on which it is based. Incorporated into this contract is a provision which provides as follows:
107.15 — Third Party Beneficiary Clause:
It is not intended by any of the provisions of any part of the contract to create the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this contract to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this contract. The duties, obligations and responsibilities of the parties to this contract with respect to third parties shall remain as imposed by law.
This provision is clear and unambiguous and bars this action. Accordingly, it is hereby,
Ordered, that the Motion for Summary Judgment filed on behalf of the defendant Mississippi State Highway Commission be and the same is hereby GRANTED.
LAW
Wausau and Houston have appealed, alleging the contract was ambiguous, citing another section, and contending that summary judgment was improper. We decline to reach the contract provisions, however, because this suit is not based upon any specific contract provisions, but an implied warranty arising from the contract to furnish plans and specifications to Cook providing for a reasonably safe and suitable highway. Under that theory, any claim for damages by Wausau and Houston as assignees of these individuals must be in tort, and for this reason the doctrine of sovereign immunity applies.
We first note that Wausau and Houston make no claim that the Commission, as an agency of the State of Mississippi, does not possess all the attributes of state sovereign immunity. They simply argue that sovereign immunity does not apply to the Commission’s implied warranty to furnish reliable plans and specifications to Cook. We also note that they make no claim as indem-nees of Cook. We therefore have no occasion to address whether there would be liability on the part of the Commission if it did not enjoy sovereign immunity but were instead a private person, or what rights Cook might have asserted, or perhaps did assert in its cause against the Commission.
In Engle Acoustic & Tile, Inc. v. Grenfell, 223 So.2d 613 (Miss.1969), a subcontractor sued the project architect for damages caused by his failure to carry out his contractual duties. We noted that the contract was between the architect and owner, and “that one not a party to a contract can sue for a breach thereof only when the condition which is alleged to have been broken was placed in the contract for his direct benefit. A mere incidental beneficiary'acquires by virtue of the contractual obligation no right against the promisor or the promisee.” Id. at 620.
A Florida case, A.R. Moyer, Inc. v. Graham, 285 So.2d 397, 400-401 (Fla.1973), extended the liability of an architect beyond the owner for negligently defective plans and specifications, based, however, upon tort liability, thereby abolishing privity in a negligence claim. Mac Pherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050 (1916).
To like effect is Shoffner Industries, Inc. v. W.B. Lloyd Construction Co., 42 N.C.App. 259, 257 S.E.2d 50, (1979), where the North Carolina Court of Appeals in rejecting an architect’s defense of privity in a suit by a contractor for negligently defective plans, stated:
We think, however, that the expansion of liability to third parties now establishes the proposition that a contractor hired by the client to construct a building, al *1002 though not in privity with the architect, may recover from the architect any extra costs resulting from the architect’s negligence. To hold otherwise would require that we ignore the modern concepts of tort liability, first established by Mac Pherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050 (1916). We cannot ignore the half century of development in negligence law originating in Mac Pher-son ...
42 N.C.App. at 265-266, 257 S.E.2d at 55.
In Mayor & City Council, etc. v. Clark-Dietz, etc., 550 F.Supp. 610, 624 (N.D.Miss.1982), a case cited as authority by Wausau and Houston in their brief, the United States District Court cited the above authorities, and quoted from W. Prosser, Handbook of the Law of Torts, § 93, p. 622 (4th ed. 1971):
By entering into a contract with A, the defendant may place himself in such a relation toward B that the law will impose upon him an obligation, sounding in tort and not in contract, to act in such a way that B will not be injured. The incidental fact of the existence of the contract with A does not negative the responsibility of the actor when he enters a course of affirmative conduct which may be expected to affect the interests of another person. (Emphasis added)
In addition, as Mayor & City Council, supra, notes, the owner as a matter of law has an implied warranty with the contractor with whom he contracts that the plans and specifications furnished the contractor are not defective. 550 F.Supp. at 625. The owner and contractor are in privity, however, and any failure by the owner to furnish adequate plans and specifications to the contractor imposes a contractual as well as tort liability in favor of the contractor upon the owner. Trustees of First Baptist Church v. McElroy, 223 Miss. 327, 334, 78 So.2d 138, 141 (1955).
It is thus clear that if any liability were to be imposed upon the Commission for injuries to these parties, it would have to be premised upon a tort liability arising from negligently defective plans and specifications, but not upon any contractual obligation to them. Wausau and Houston ignore this distinction.
The Commission is immune from all suits for negligence on the part of its employees unless by legislative enactment sovereign immunity has been waived. Pruett v. City ofRosedale, 421 So.2d 1046 (Miss.1982); Miss.Code Ann. § 11-46-1, et seq. (Supp.1990).
In Strait v. Pat Harrison Waterway Dist., 523 So.2d 36 (Miss.1988), we held that no political subdivision or agency of the state can be sued in the absence of a clear and unambiguous statute waiving sovereign immunity. In that case a district waterway, pursuant to a statute authorizing it to do so, Miss.Code.Ann. § 51-15-120 (Supp.1990), procured liability insurance, the premium for which was paid by public funds. Thereafter, an injured patron sued to recover to the extent of the policy coverage. We held, in what must surely have appeared somewhat anomalous to the injured plaintiff and his counsel, that the Legislature, by the language of § 51-15-120 without more, had not intended to waive sovereign immunity. Thus has this Court jealously, if not indeed zealously, thrown the protective blanket of sovereign immunity to all activities of the state, its agencies and political subdivisions in the absence of a clearcut unequivocal statute waiving it.
Because this is a claim against the Commission in tort, the dismissal must be affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.